## SAMUEL W. HAYWARD *vs.* BERNARD CAIN.

In an action for maliciously burning the plaintiff's building, neither the defendant's liability, nor the measure of it, is affected by the payment of a loss to the plaintiff by insurers of the building, or by his agreeing with them to prosecute the action for their benefit after indemnifying himself for his damages beyond the sum they paid him.

TORT for breaking the plaintiff's close and wantonly and maliciously setting fire to his buildings situated therein, whereby they, with their contents, were partially consumed.

At the trial in the superior court, before *Brigham*, C. J., the plaintiff offered evidence tending to prove the facts alleged in his declaration; and no evidence was offered to the contrary. On the question of damages, the only evidence was an auditor's report, finding the whole damage to be $1689, of which the damage to the buildings was found to be $1200.

The plaintiff was a witness, and testified, on cross-examination, that the action was brought the morning after the fire; that he had insurance on the buildings and about five weeks after the fire

received for the loss $800 on his policy; that soon after the action was brought, and before the money was paid over, as well as at the time of such payment, he agreed with the insurance company to prosecute the action for their benefit after making himself whole for his damage; and that he was carrying on the action under that agreement.

The defendant asked the judge to rule that on this evidence the action could not be maintained; and the judge refused so to rule. The defendant then requested a ruling that, in the assessment of damages by the jury, the sum received from the insurance company should be deducted from the amount of the damage caused to the buildings by the fire; which request also was declined. The defendant further asked the judge to rule that, as the suit was prosecuted for the benefit of the insurance company, the amount of damages was limited to the sum the company had paid over on the policy; but the judge instructed the jury that they might return as damages the sum found in the auditor's report, the same not being contradicted.

The jury found for the plaintiff, with damages in the sum of $1689; and the defendant alleged exceptions.

*H. B. Staples & F. P. Goulding*, for the defendant.

*H. E. Fales*, for the plaintiff.

BY THE COURT. The transactions between the insurers and the owners of the property injured were matters in which the wrongdoer had no concern, and which do not affect the measure of his liability. *Clark* v. *Wilson*, 103 Mass. 219.

*Exceptions overruled.*