# Long, *et al. v.* Kansas City, Memphis & Birmingham Railroad Co.

## *Destruction of Property by Fire.*

### (Decided Dec. 8, 1910.   54 South. 62.)

1. *Assignment; Tort; Action.*—Where houses were destroyed by fire alleged to have been set out by a railroad engine, and upon payment of the insurance thereon, the owners agreed with the insurance company that such company should be entitled to any judgment rendered for the owner in an action against the railroad company, this constituted no bar to the action against the railroad company by the owner, but rather required the owner to prosecute the action to judgment.

2. *Partnership; Action; Parties.*—A partnership is not a natural or artificial person, and in the absence of a statute cannot sue in the firm name, but must sue in the name of the individual partners; the addition of the firm name to those of the partners does not make the action one by the firm, it being merely descriptive of the persons sueing.

3. *Same.*—Where houses destroyed by fire from defendant's engine in law or in equity belong to the partnership, an action for damages would lie by one of the parties to recover to the extent of his ownership; so far as his absolute right to recover was concerned, it is immaterial whether he have a legal or equitable title to the property, or merely a limited interest therein.

4. *Parties; Misjoinder; Matters in Abatement.*—A suit by only one plaintiff upon a contract made by him and others jointly may be shown in bar, but it is not matter in abatement; the joint contract made being a different contract from that sued on so far as the parties are concerned.

5. *Damages; Reduction of Loss; Insurance.*—The fact that the owner of property has received from an insurance company the amount for which the property was insured does not prevent him from bringing an action against the railroad company for its negligent destruction.

6. *Abatement an dRevival; Action Surviving; Injury to Property.*—An action against a railroad for the negligent destruction of property by fire survives in favor of one of the owners of the property, such as a partner, upon the death of the other co-owner.

7. *Same; Abatement; Necessity of Revival.*—While the death of a single plaintiff necessitates a revivor of the action, if the action survives; yet where the action is again a railroad company for the destruction of property by fire negligently—an action which survives—the death of one of the plaintiffs does not abate the action so as to require a revivor by the other; the proper practice in a case of that kind is to suggest the death of one of the plaintiffs upon the record and to permit the action to proceed in the name of the survivor.

[Long, et al. v. Kansas City, Memphis & Birmingham Railroad Co.]

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by J. B. Long and T. L. Long against the Kansas City, Memphis & Birmingham Railroad Company for destruction of houses by fire. Judgment for defendant and plaintiff appeals. Reversed and remanded.

W. C. DAVIS, A. F. FITE, for appellant. If a suit is instituted by parties who are partners, and one of the partners dies, the same should proceed in the name of the surviving partner.—*Davis v. Davis*, 93 Ala. 173; 9 South. 736; *Insurance Co. v. Moog*, 81 Ala. 335; 1 Cyc. 71-92. It is immaterial whether the partnership had been dissolved before the trial, and after the institution of the suit, since the court properly ordered the case to proceed in the name of the surviving party, even though they had never been partners at all, and had never sued as partners.—*Beeves v. Miller*, 1 Minor 364; *Rupert v. Elston*, 35 Ala. 79; *Foster v. Chamberlain*, 41 Ala. 164; *Rosser v. Timberlake*, 78 Ala. 162. The question shown by assignment No. 2, as to the amount of the insurance policy, issued to plaintiffs, called for secondary evidence, and was improper without a showing as to inability to produce best evidence.—*Alabama Mid. Railway Co. v. Coskry*, 92 Ala. 256; 9 South. 202. The right of the owner of property destroyed by fire to recover damages from another, by whose fault it was burned, is as against the defendant unaffected by the fact that he may have already received full payment for his loss by insurance. Therefore, all the evidence as to the collection by plaintiffs of the insurance money was improperly admitted.—*Clark v. Wilson*, 103 Mass. 219; 4 Am. Rep. 532; *Anderson v. Miller*, 31 L. R. A. 604; *Hayward v. Cain*, 105 Mass. 213. Charges

[Long, et al. v. Kansas City, Memphis & Birmingham Railroad Co.]

seven and ten, given at the request of defendant below, ignored a part of the duty upon defendant as to construction and equipment of its engine, and said charges were improperly given.—*McMillan v. Manistee Mill Co.,* 49 South. 685; *Horton v. L. & N. R. R. Co.,* 49 South. 424-6.

BANKHEAD & BANKHEAD, for appellee. Under the present state of the record the plaintiffs could not recover because of a variance between the pleading and the proof, and if there was any error in the rulings complained of, they were without injury. The status of the plaintiff in the original cause was that of tenants in common, and no survivor is provided for in that case. —Sec. 2497, Code 1907. The houses destroyed were part of the realty.—*Parrish vs. Powers,* 57 Ala. 139. The train book was admissible in evidence.—*Fireman's Insur. Co. v. Seaboard,* 107 A. S. R. 517; *Mooney v. Helcomb,* 16 Pac. 716; *Evanston v. Gunn,* 99 N. W. 660.

MAYFIELD, J.—This is an action in tort against the appellee railroad company for negligently setting fire to and destroying four houses, the property of J. B. & T. L. Long. The action as originally brought was by J. B. & T. L. Long. The complaint was subsequently amended by inserting, after the names of the plaintiffs, the words "doing business as J. B. & T. L. Long, a partnership." On the day of the trial, it being made to appear that J. B. Long had died since the institution of the suit, the court made an order and directed that the cause proceed in the name of T. L. Long, the surviving partner. The trial was had upon the general issue and a special plea numbered 2 as amended. This plea as amended read as follows: "That the plaintiffs have no interest in the subject- matter of the suit in this: Plaintiffs had the houses insured by an insurance

company, the Northern Assurance Company of New York, and that after the destruction of the houses sued for said company paid the plaintiffs the insured value of said houses, and plaintiff assigned and transferred to said company the right of action or claim against this defendant to recover the value of said houses—that has paid the insurance, and plaintiffs have assigned their right of action in this cause to said insurance company, or agreed that said company could have the judgment when obtained in this cause, if a judgment is obtained." To this plea plaintiff demurred and the demurrer was overruled. This ruling constitutes the first assignment of error insisted upon.

In this action of the court there was reversible error. If it should be conceded (but it is not) that the assignment of a right of action based on a tort like this would be a good defense, still it does not follow that this plea is good. It alleges in the alternative that the right of action was either assigned by the plaintiffs or that they agreed that the insurance company "could have the judgment when obtained in this cause if a judgment is obtained." This second alternative was certainly not sufficient. This alternative, if true, instead of being a defense to the suit, would impose the duty upon the plaintiff to prosecute it to judgment.

Counsel for appellee do not say or show anything in support of this ruling of the trial court upon the demurrer to plea 2; but insists that, as the houses destroyed originally belonged to J. B. & T. L. Long as partners, and the partnership had been dissolved by mutual consent, J. B. Long selling all his interest in the property and busness to T. L. Long before suit brought, and J. B. Long had died pending the suit, and no revival had been had or attempted, as to his heirs, and as houses are realty, therefore T. L. Long cannot, eith-

er individually or as surviving partner, recover in the action.

It is next contended by appellee that, as the property destroyed was insured, and the insurance company had paid plaintiff for the houses under the contract of insurance, plaintiffs had no further interest in the property destroyed, and the insurance company was subrogated to all of plaintiffs' rights and remedies in the premises. No one, nor all of these facts, if conceded, would be a complete defense or bar to this suit. The legal title to neither these houses nor the land upon which they were situated is involved in this suit. As to the absolute right of plaintiffs to recover at all in this suit, it was immaterial whether they had the legal or the equitable title to the houses and lots, or whether they owned the fee or merely a life estate. The character and extent of their ownership would go to the amount of their recovery, but not to the entire right, if they had any interest in the property that was destroyed. As to the absolute right of any recovery, it was immaterial whether the legal title was in the individuals composing the partnership, or in the firm; if the houses did in effect or in equity, belong to the partnership, the action for damages thereto could be brought in the names of the persons. A partnership is not a person, either natural or artificial, and it cannot, therefore, without the aid of a statute, sue in the firm name, but must sue in the names of the persons.—*Lister v. Vowell,* 122 Ala. 267, 25 South. 564; *Moore v. Burns,* 60 Ala. 269; *Langford v. Patton,* 44 Ala. 584. Nor does the addition of the firm name, to those of the partners, prevent its being a suit by the persons and not by the firm. Such addition is merely descriptive of the persons, or of the subject-matter of the suit.

The death of J. B. Long, one of the partners, pending the suit, did not abate the entire action nor did it necessitate a revivor as to his personal representatives or heirs. The death of a sole plaintiff of course necessitates a revivor if the cause of action survive; but where there are more than one plaintiff, and the cause of action is of that class which can be prosecuted by and in the name of a survivor (and such was this), the death of one does not abate the suit, or necessitate a revivor. The proper practice is that which was pursued in this case—to suggest the death of the decedent, upon the record, and allow the action to proceed in the name of the survivor.—*Phoenix Ins. Co. v. Moog*, 81 Ala. 338, 1 South. 108; *Evans v. Welch*, 63 Ala. 250; *Davis v. Davis*, 93 Ala. 177, 9 South. 736.

Mr. Lindsey (on Partnership) says that an action for the recovery of the goods of the firm, or for damages for their loss or injury, ought to be brought in the name of the firm or by all its members; but that if only one sues, he will be entitled to recover damages in respect of his interest in the goods; and if, after he has done so, another action is brought by one of his copartners, that action cannot be stopped." In support of this proposition he cites *Addison v. Overend*, 6 T. R. (Eng.) 766; and *Bhadon v. Hancock*, 4 Car. & P. 162. The first holds that, if one of several part owners sues alone, the defendant can only take advantage of the objection by a plea in abatement. The second holds that, if two persons jointly interested in a chattel make a joint demand for it, they may, notwithstanding, maintain separate actions of trover in respect of it.

The rule as declared by Lord Hale is as follows: "If a tenant in common bring a personl action without his fellow joining in the suit, the defendant ought to take advantage of it in abatement; but if he plead not guilty,

it shall be good, but then he shall recover damages only for a moiety." This is quoted in the above-cited English cases; and the English court concludes by saying: "Therefore, we are of opinion that it is much more convenient to the suitors, that if the defendant mean to take advantage of such an objection, he should plead it in abatement, and that if there be no such plea that plaintiff may recover, though it should appear that others ought to have joined with him." These cases, of course, are speaking of action in tort, the rule being different in actions upon contracts.

If a plaintiff should sue upon a contract made with him and others jointly, it is not matter for abatement, but may be given in evidence under the general issue, in bar, because it is another contract.—*Dockwray v. Dickinson*, 1 Eng. Rul. Cas. 156, and notes. If A. negligently or intentionally burns B.'s house, and B. sues him for damages, surely A. cannot defeat this action by pleading and showing that C. had paid B. the full value of his house under a contract of insurance between B. and C., as to which A. is a perfect stranger. It is no concern of A.'s that C. may be, by contract or otherwise, subrogated to the rights of B. in the matter. The question, to whom will the damages belong when recovered, is one in which the defendant has no interest. It does not even affect the measure of his liability; and is not a proper issue in the suit by B. against A. The insurance of the property is a mere indemnity, and insurer and insured are regarded as one person. The mere fact that the insurer has paid the insured cannot affect the action against the wrongdoer who has destroyed or injured the property, the subject of the insurance.

This question has been expressly decided a number of times. In the case of *Anderson v. Miller*, 96 Tenn. 35, 33 S. W. 615, 31 L. R. A. 604, 54 Am. St. Rep. 812,

it was so decided (and this case collects and reviews the authorities), the court, among other things, saying: "In regard to the proper parties to the action, we do not think the assignment well taken. If it be conceded that the insurance company, having paid the entire fire loss, is now entitled to be subrogated to the rights of the insured, as against the tort-feasor, or to recover back from him the amount he recovers, still it does not prevent a recovery in the name of the insured for the damages sustained. The question of who will be entitled to the proceeds of the recovery, the insurer or the insured is a matter between them, and constitutes no defense to an action for the damages, caused by the wrong, which, in any event, must be brought in the name of the owner and insured, although it might be for the use of the insurer.—24 Am. & Eng. Law, pp. 308-330; *Perrott v. Shearer*, 17 Mich. 48, 55, 56; *Clark v. Wilson*, 103 Mass. 219-227, 4 Am. Rep. 532; *Hayward v. Cain*, 105 Mass. 213; *Weber v. Marris & E. R. Co.*, 35 N. J. Law, 409, 10 Am. Rep. 253."

If the owner had recovered of the wrong-doer the full value of the property or damages, or if the insurer, in the name of the owner, has so recovered, and a second action should be brought by either or both, against the wrongdoer, he could then plead the former recovery; but until there has been one recovery against him, he cannot defeat the action by the owner against him for the wrongful destruction of the property, by showing that the insurer had paid the owner the value of the property. The payment is not made by the insurer for the benefit of the wrongdoer, but is made in accordance with the contract of insurance. The owner, of course, has paid the insurer for the insurance or indemnity; and whether this be more or less than the damages for which the wrongdoer is liable is no concern of the latter.

The other questions presented may not arise on another trial, hence it is unnecessary to here treat them.

For the error pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.