(118 So. 662)

**ALABAMA POWER CO. v. ALLEN.**
**(8 Div. 996.)**

Supreme Court of Alabama.   Oct. 11, 1928.

Rehearing Denied Nov. 30, 1928.

Andrews, Peach & Almon, of Sheffield, and Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

. ANDERSON, C. J. ▮ While a complaint should be certain and specific as to charging the relationship of the parties, the duty arising, the nature and character of the injury, as well as the cause of same, the quo, modo as to the negligence need not be set out. and this rule is so well settled that the citation of authority is not necessary. Counts 2 and 3 of the complaint were not subject to the defendant's demurrer, especially as to ground 5, the main one relied upon in brief.

The count 2 charges the negligence to the defendant in connecting its "service line to the plaintiff's electric line in the plaintiff's said house on December 16, 1925."

Count 3 also charges a negligent connection of the wires on the 16th of December, 1925, but further charges that on said day "the defendant did temporarily disconnect the service line of the defendant from the electric light line in the house of the plaintiff, and that on the afternoon of, to wit, December 16, 1925, the defendant did negligently reconnect its said service line with the electric line in plaintiff's said house, which said negligent connection caused the ground wire in plaintiff's said house to be overcharged with electricity and to become overheated," etc.

▮ It is manifest that this last count is based upon a negligent reconnection on the 16th of December, after a previous disconnection, and as to this there was a failure of proof, and the trial court should have given the general charge for the defendant as to count 3. The plaintiff's witness McCleskey did, on direct examination, testify that the defendant's workmen, while working on the poles and bars that afternoon, "had the service line for the lights running in the Allen house down or disconnected." This was in the alternative, and the witness did not affirmatively state that they were disconnected. Again he was asked by counsel for the plaintiff:

"Did you say the service lines running into the house were cut and dropped, down on the street, or how were they disconnected, the afternoon before the fire occurred that night?"

Answer:

"Well, I remember running into one of them with a ladder. It was on the ground. It was disconnected from the pole—the pole directly across the street from the Allen house that the wire was tied on."

This merely means that the wire was detached from the pole to which it had been tied, and not that it had been disconnected from the plaintiff's wire, and is in no sense in conflict with the clear and positive evidence of many witnesses for the defendant that the wire was not, on that day, or any time between the first connection and the

fire, disconnected from the plaintiff's wire, and was not, therefore, reconnected. Tucker, the other witness, who saw defendant's men working on the line, said:

"I did not notice any disconnection in the Alabama Power Company's wires that afternoon."

This is not a mere variance, as dealt with in circuit court rule No. 34, but involves a failure to prove what was made by the complaint a material averment.

Count 2 does not, like count 3 rely upon a disconnection and reconnection, but is so worded as to cover any connection; but it specifically charges a connection made on December 16th, the day of the fire, and there was no proof of this averment. Indeed, the brief of counsel for appellee insists that the complaint says:

"On, to wit, December 16, 1925, * * * and plaintiff avers that the defendant *on said date* undertook to connect said service line to the electric line in plaintiff's said house."

The brief then proceeds:

"We averred the negligent acts occurred on December 16th, and because we proved that they occurred on December 16th," etc.

It is therefore evident that the plaintiff relied on a connection made December 16th, and not the original one of November 28th, and insists that they showed negligence December 16th, and not some anterior time. In other words, the plaintiff's theory seems to be that his case is for a negligent connection made December 16th, and evidently the one described in the third count, and not the original connection, so as to merely present a variance as to date. At any rate, as above pointed out, the plaintiff failed to prove a negligent connection as averred on December 16th, and does not contend for a right to recover as for negligence in the original connection, so as to justify the refusal of the general charge under circuit court rule 34. But as to whether or not said rule could or should be invoked as to the general charge as to count 2 we need not decide, for the reason this case must be reversed upon other points.

■■ While it is the rule in civil actions that the failure of a party to the suit, when present at the trial, to testify as to a fact in issue, is the subject of comment (Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305), this general rule has qualifications, and one is that the fact or facts which he fails to divulge or explain are peculiarly within his knowledge, and were not known so fully to any other witness (Wigmore on Evidence, §§ 287–289; Jones on Evidence [3d Ed.] § 21; 22 C. J. 123). While the plaintiff owned the house, he did not reside therein all of the time between the fire and the removal of the wire the day of the trial, and had no better, if

as good an, opportunity to tell whether or not the wire had been changed as the defendant. There was no error in sustaining the objection to the argument of the defendant's counsel, commenting on the plaintiff's failure to take the stand and testify as to whether the wires were changed.

■ There was no error in permitting the witness Camp to give his opinion as to the value* of the building in the condition in which he saw it. He did not have to be an expert to testify as to value. Code 1923, § 7656. The witness did not attempt to give the value of the house before he saw it and before the fire.

"The rule is well established that, where the trial court admits evidence over objection, on the promise of counsel that he will later make it competent by the introduction of connecting evidence, or where he temporarily sustains or overrules an objection to the introduction of evidence because of his inability to decide the question of its competency at that time, and no further ruling is requested or made, the question as to the competency of the evidence cannot be raised on appeal." 48 A. L. R. Note, p. 488.

Here the court permitted answers of Camp to the hypothetical questions conditionally; that is, provided the hypothetical facts were proven; and, if plaintiff did not establish them, the objection should have been renewed, or motion made to exclude.

■ The witness Camp had testified that he was employed by one of the plaintiff's attorneys, and that he was paid by the Southern Industrial Bureau of Atlanta, and he made a report of this inspection to said bureau. The trial court did not err in declining to permit defendant's counsel to ask the purpose for which that report was made. Coffman v. L. & N. R. R. Co., 184 Ala. 482, 63 So. 527.

■ There was no error in refusing the defendant's requested charge 14. If not otherwise faulty, it was abstract, as the evidence shows that the sand machine had not been operated for a week or more before the fire.

■ "Where damages claimed are for property which has been destroyed or injured which has an ascertainable money value, it is proper to instruct the jury to add to the damage ascertained, interest from the date when the injury was done." Sutherland on Damages (4th Ed.) § 355; A. & B. A. R. R. v. Brown, 158 Ala. 621, 48 So. 73.

This case differentiates the case of Jean v. Sandiford, 39 Ala. 317, as being one for a statutory penalty, and in effect overrules Glidden v. Street, 68 Ala. 600.

For the errors above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.