193 So. 110

**DEVERS v. HARRIS.**

**6 Div. 578.**

Supreme Court of Alabama.

Jan. 11, 1940.

Lange, Simpson, Brantley & Robinson and Jas. O. Haley, all of Birmingham, for appellee.

Morel Montgomery, of Birmingham, for appellant.

GARDNER, Justice.

Mark L. Harris sued John Devers in trover and trespass, seeking to recover for money alleged to have been taken from his place of business in a robbery in Pennsylvania. A non-resident attachment was issued against the chief of detectives of Birmingham, attaching $1,130 in his hands, and garnishment was also issued. Devers entered an unqualified appearance in the case, and the details of attachment are unnecessary further to relate.

Devers claims the money as his, and that it was taken from him by virtue of an unlawful arrest, and was retained by the chief of detectives without authority of law.

Upon oral proof before the trial court without a jury, the conclusion was that the money was subject to the garnishment and attachment proceedings, and defendant Devers appeals.

The facts briefly summarized are as follows: Harris in October 1938 operated a store in Reading, Pennsylvania, which was robbed, the sum of $2,175 being taken by the robbers. One of the robbers was apprehended in Pennsylvania, and disclosed the identity of the other two. The Pennsylvania authorities contacted by telegram the Birmingham police department, informed them of the robbery, and that John Devers, who was fully described, was involved in the crime, and was supposed to be in Birmingham. The message also stated the robbers had in their possession about $1,500, which was a part of the stolen mon-ey, saying in part: "These men are armed and will resist. Contacted accomplice whom we have in custody by wire to meet them there today. Have about fifteen hundred dollars which was taken in hold up here October third." There was also telephone conversation with the Pennsylvania authorities giving further details, identifying Devers, and that he was supposed to have brought the stolen money with him. Devers and his associates were arrested, and the $1,130 claimed by Devers was taken from them, Devers claiming at the time it was money he had won at gambling.

Devers waived extradition papers, and willingly accompanied the Pennsylvania authorities to that state where he was convicted of this offense of robbery and given a sentence of seven and one-half to fifteen years in the penitentiary.

While there are many respectable authorities holding to the view that money taken from a prisoner by police officials is not subject to attachment or garnishment upon the ground that it is in the custody of the law, and would open the door to grave abuses (16 A.L.R. 378, et seq.), yet this question was fully discussed and settled by this Court to the contrary in Ex parte Hurn, 92 Ala. 102, 9 So. 515, 13 L.R.A. 120, 25 Am.St.Rep. 23, approvingly cited in Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am.St.Rep. 27, and needs no further elaboration here.

As to the objection the money is in custody of the law, that was long ago answered in this State by our statute, now section 8060, Code of 1923, and as pointed out in the Hurn case, supra, 92 Ala., on page 105 of the opinion, 9 So. 515, 13 L.R.A. 120, 25 Am.St.Rep. 23. And upon the question of "grave abuse" our holding is (Hurn case, supra) that, as of course, a levy obtained by trickery, fraud or trespass is invalid, but that as under our statute money in the hands of an officer may be attached, money obtained from the possession of a person arrested on a criminal charge and searched, if it was connected with the offense charged or might be used as evidence, or if the officer had probable grounds for so believing, and did not act in collusion with the creditor procuring the arrest, may be the subject of levy or garnishment. "Upon principle, property subject to the payment of a debt may be levied upon by the proper officer, if the levy can be effected without trickery or fraud, or a

trespass calculated to provoke a breach of the peace." Hurn case, supra [92 Ala. 102, 9 So. 518, 13 L.R.A. 120, 25 Am.St.Rep. 23].

Here, though the arrest was made without a warrant (Suell v. Derricott et al., 161 Ala. 259, 49 So. 895, 23 L.R.A.,N.S., 996, 18 Ann.Cas. 636), yet it was for a felony, and the facts disclose that the officer making the arrest had reasonable ground for believing, not only that the crime of robbery had been committed, but that Devers, who was well described, was the person wanted for the crime,—all of which was conclusively established by his conviction for the offense. Sections 3263 and 4167, Code of 1923; 5 Corpus Juris 416. And Devers was at the time fully informed. Section 3264, Code of 1923.

There is nothing in this record to indicate an arrest for the purpose of obtaining a levy or that the criminal charge against Devers was false or fabricated. Indeed, it affirmatively appears to the contrary, and that the officers acted in perfect good faith and upon probable cause. We think it clear enough the arrest was lawful.

"At common law the arresting officer had the right to remove money from the defendant's person; but this right was limited to cases in which the money was connected with the offense, or to be used as evidence." Hurn's case, supra.

The evidence in this case was ample to support the trial court's conclusion that the money taken from Devers was connected with the crime, and was in fact a part of the very money which was the fruit of the crime. It was directly connected with the offense. The fact it was not used as evidence in the criminal trial is of no consequence here, and, indeed, there may have been no cause to thus produce it. Nor is it of consequence the money was retained by the chief detective until the levy, and not returned to Devers upon his demand while in the penitentiary. The officer had every reason to believe that it was money taken in the robbery, and not that of Devers. The following from the Hurn case, supra, is entirely applicable here: "We know of no law which will prevent a creditor from having the property of his debtor levied upon to satisfy his debt, when it can be done without committing a trespass, or by fraud or violence. At common law, the property in the hands of an officer was regarded in

gremio legis, and not subject to process; but by statute it is subject to legal process."

Defendant further insists plaintiff cannot maintain the suit for that the insurance company has paid him the amount of damages suffered by the robbery. But this argument is answered by the case of Long v. Kansas City, M. & B. R. Co., 170 Ala. 635, 54 So. 62, 64, wherein the Court observed: "The payment is not made by the insurer for the benefit of the wrongdoer, but is made in accordance with the contract of insurance. The owner, of course, has paid the insurer for the insurance or indemnity; and whether this is more or less than the damages for which the wrongdoer is liable is no concern of the latter."

It results, therefore, that the rulings of the trial court were free from error, and the judgment rendered is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.