31 So.2d 599

## ROE v. BROWN.

### 8 Div. 394.

Supreme Court of Alabama.
July 31, 1947.

J. W. Brown, of Boaz, for appellant.

E. B. Black, of Boaz, for appellee.

FOSTER, Justice.

Objection is made to the amount of the judgment. It was rendered by the court trying without a jury. The amount of the judgment was $130.00. The amount claimed was $128.45. The suit was for damage to plaintiff's automobile.

The rule is that for destruction or injury to property which has an ascertainable money value, it is proper to add to the damages interest from the date the injury was done. Tennessee Coal, Iron & R. R. Co. v. Jourdan, 221 Ala. 106, 128 So. 132; Mobile & Ohio R. R. Co. v. Williams, 219 Ala. 238 (21), 121 So. 722; Alabama Power Co. v. Allen, 218 Ala. 416,

118 So. 662; Atlanta & B. Air Line Ry. v. Brown, 158 Ala. 607, 621, 48 So. 73.

 When interest is payable by virtue of a statute or principle of law, and not by virtue of a contract, it is not necessary to claim interest in the complaint. 17 C.J., § 317, page 1019, 25 C.J.S., Damages, § 140; 33 Corpus Juris 257, section 188; Kennedy v. Young, 25 Ala. 563; Nashville, C. & St. L. Ry. Co. v. Allen, 148 Ala. 664, 41 So. 633; Southern Ry. Co. v. Webb, 148 Ala. 661, 41 So. 420. There is no contract here involved. The allowance of interest is by virtue of a construction of the statute in a case such as this. Section 62, Title 9, Code. The difference between the amount claimed and the amount of the judgment may properly be treated as interest.

There was a collision between the car of plaintiff, operated by his wife, on White Street, going north, and crossing Thomas Avenue, extending east and west in Boaz. Defendant was operating his truck going east. The collision was at the intersection. There was a dispute as to whether defendant's truck struck the car or whether the car struck the truck. The physical facts seem to support plaintiff's theory that the truck hit the left side of the car she was driving, and badly damaged it. The truck was not damaged. There was no local ordinance in evidence which would prescribe the right of way. But an ordinance fixed the speed limit at fifteen miles per hour. Section 18, Title 36, Code, provides that when two vehicles enter an intersection at approximately the same time, the driver on the left shall yield the right of way to the vehicle on the right. But the driver of a vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder. The view of defendant was obstructed at the corner on his right, from which direction plaintiff's car was approaching. The obstruction consisted of a hedge row or vines on a garden fence. His speed limit was therefore fifteen miles per hour by statute (section 5, Title 36, Code) and by ordinance. The speed limit in a residence district along which plaintiff's car was traveling was twenty-five miles (section 5, Title 36), unless a different speed is fixed by local authorities and duly posted. The local speed limit of fifteen miles was not posted. Therefore the speed limit mentioned in section 18, supra, was twenty-five miles. Plaintiff's car was traveling according to his evidence twelve or fifteen miles an hour, and according to that of others twenty to twenty-five miles. There was also conflict as to the speed of defendant's truck. Plaintiff's car did not lose its right of way under section 18, supra, therefore, on account of its speed.

But whether her speed in violation of the ordinance proximately contributed to the collision in view of her right of way and whether it was due solely to negligence of defendant were questions for the trier of the facts. The judgment of the court without a jury has the same credit on appeal as the verdict of a jury.

We do not think the conclusion reached on the facts should be disturbed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, J., concur.