HOUSTON, Justice.
Mary E. Nelson sued AmSouth Bank, N.A., seeking to recover $35,000 that she alleged AmSouth had negligently paid to Dorothy L. Davis from an account that Nelson had jointly owned with her deceased father, James W. Davis. Nelson maintained that she and her father had owned the account jointly with a right of survivorship, and that the right of survivor-ship entitled her to all of the money in the account upon her father’s death. Frederick A. Marshall, executor of the estate of James W. Davis, intervened in Nelson’s suit against AmSouth, claiming that the account was not with a right of survivor-ship and, therefore, that the estate was entitled to one-half of the joint account proceeds. The trial court ordered Am-South to pay the $35,000 to the clerk of the court pending a final determination in the case, and the clerk deposited those funds into an interest-bearing account. The trial court later entered a summary judgment for Nelson in the amount of $35,000. Marshall appealed, and this Court reversed the judgment, holding that there was insufficient evidence to show that James Davis had intended to create a joint tenancy with a right of survivorship and, therefore, that upon Davis’s death his estate was entitled to one-half of the funds in the account. See Marshall v. Nelson, 622 So.2d 889 (Ala.1993). The issue now before this Court is whether the trial court erred in refusing to award Nelson prejudgment interest on the $17,500 that she was entitled to receive from AmSouth.
At common law, prejudgment interest is allowable at the legal rate in noncon-tract cases where the damages can be ascertained by mere computation, or where the damages are complete at a given time so as to be capable of determination at such time in accordance with known standards of value. See Lapeyrouse Grain Corp. v. Tallant, 439 So.2d 105 (Ala.1983) (allowing prejudgment interest in action claiming damages for breach of contract, conversion, and fraud); see, also, Atlanta & Birmingham A.L. Ry. v. Brown, 158 Ala. 607, 48 So. 73 (1908) (allowing prejudgment interest for negligent damage to crops).[1] Nelson and AmSouth are at issue *896 over whether the damages claimed by Nelson were sufficiently certain to justify an award of prejudgment interest.
After carefully reviewing the record, we conclude that Nelson was entitled to an award of prejudgment interest. Nelson stated in her complaint that she was seeking the proceeds from the account (i.e., $35,000), as well as interest, costs, and attorney fees. Although the amount to which Nelson was entitled remained a disputed issue until this Court’s decision in Marshall v. Nelson, supra, once it was determined that the account was not with a right of survivorship Nelson’s compensatory loss was fixed, as a matter of law, at one-half of the account proceeds (i.e., at $17,500). This case is, therefore, materially indistinguishable from Lapeyrouse Grain Corp. v. Tallant, supra. In Lapey-rouse, a group of farmers sued a grain company for breach of contract, conversion, and fraud, alleging that they had delivered their grain to the company in reliance on an agreement whereby they were to be allowed to select the date on which the grain would be sold. The purpose of this agreement was to allow the farmers to profit from a rise in the fluctuating commodities market. Following the grain company’s decision to sell the grain without their consent, the farmers sued and obtained a $20,000 judgment, based on a general jury verdict. One of the issues on appeal was whether the farmers were entitled to prejudgment interest. Although the farmers’ damages were not finally determined until the jury returned its verdict, this Court held:
“[T]he ... damages aspect of the tort rule does not prevent prejudgment interest here, because of the ease and certainty with which those damages can be ascertained. Once the jury reached a factual conclusion from the evidence as to the price differential, the compensatory loss could be fixed by a simple mathematical computation, as was the case in Atlanta v. Birmingham A.L. Ry. Co., supra.”
439 So.2d at 112. See, also, Braswell v. Conagra, Inc., 936 F.2d 1169 (11th Cir.1991) (applying Alabama law).
We hold, therefore, that Nelson was entitled to recover prejudgment interest at 6% on her half of the account proceeds, less the amount of interest that those proceeds earned while in the custody of the circuit court clerk. See Rhoden v. Miller, 495 So.2d 54 (Ala.1986); Burgess Mining & Constr. Corp. v. Lees, 440 So.2d 321 (Ala.1983); Fletcher v. Tuscaloosa Federal Savings & Loan Ass’n, 294 Ala. 173, 314 So.2d 51 (1975) (where no written contract controls the interest rate, the legal rate of prejudgment interest is 6% per annum).
For the foregoing reasons, the judgment disallowing prejudgment interest for Nelson is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.

. Nelson did not seek to recover damages from AmSouth for breach of contract; therefore, Ala. Code 1975, § 8-8-8, is not applicable. This Court has held that § 8-8-8 allows prejudgment interest on damages for breach of contract, but that the common law rule applies in tort actions, such as the one filed by Nelson. See Miller & Co. v. McCown, 531 So.2d 888 (Ala.1988); Lapeyrouse Grain Corp. v. Tallant, supra. We note that dicta in Roe v. Brown, 249 Ala. 425, 31 So.2d 599 (1947), indicate that Title 9, § 62, of the 1940 Code of Alabama, the predecessor to § 8-8-8, applies in both contract and tort contexts. However, Roe, which involved a negligence action that arose out of an automobile collision and which referred to the common law rule, should not be read as holding that § 8-8-8 applies in tort cases. See, also, Auto-Owners Ins. Co. v. Culpepper, 426 So.2d 435 (Ala.Civ.App.1983). In any event, the contract and tort rules governing the payment of prejudgment interest are substantially the same, in that they both require as a prerequisite to the payment of prejudgment interest that the damages be certain or that they be capable of being made certain. Compare, e.g., Miller, Lapey- *896 rouse, and United States Fidelity & Guaranty Co. v. German Auto, Inc., 591 So.2d 841 (Ala.1991).