Denise Green appeals from the circuit court's denial of her motion for an inventory and her motion for payment of her distributive share of the estate of her mother, Martha Mae Nance ("Nance").
 Facts
Nance executed her will on November 16, 1993. Her will stated, in pertinent part:
 "THIRD: I give all tangible personal property owned by me at the time of my death (except cash, money market accounts, certificates of deposit, savings and checking accounts and other cash equivalents), including without limitation personal effects, clothing, jewelry, furniture, furnishings, chinaware, silverware, household goods, automobiles and other vehicles, together with all insurance policies relating thereto, to . . . those of my children (DENISE N. GREEN, CINDY D. MARSH, and JACK D. NANCE, JR.) who survive me, in substantially equal shares, to be divided among them as they shall agree, or if they cannot agree, as my Executor shall determine. I have already determined the beneficiaries to my life insurance and savings accounts, and they are named on those policies and accounts.
 "FOURTH: I give all the rest, residue and remainder of my property and estate, both real and personal, of every kind and wherever located, to which I shall be in any manner entitled at the time of my death (collectively referred to as my `residuary estate'), as follows:
 "(a) To those of my children who survive me and to the issue who survive me of those of my children who shall not survive me, per stirpes.
 . . . .
 "SIXTH: I appoint my son, JACK D. NANCE, JR., to be my Executor. I vest in my Executor herein named full power and authority to handle, manage and deal with my estate as freely as I could act if I were living. Such power and authority may be exercised independently and without the prior or subsequent approval of any court or judicial authority. No one dealing with my Executor shall be required to inquire into the propriety of any action taken by my Executor. I direct that no Executor shall be required to file or furnish any bond, surety or other security in any jurisdiction." *Page 40 
(Capitalization in original.) After Nance died on May 31, 2005, her will was submitted for probate and the Montgomery Probate Court issued letters testamentary to Jack D. Nance, Jr. ("the executor").[1] Subsequently, the action was removed to the Montgomery Circuit Court.
Denise Green filed a motion for an inventory in the probate court; after the action was removed to the circuit court, she filed a motion requesting the same relief in the circuit court.[2] The circuit court denied the motion on the ground that the express terms of the will relieved the executor of the duty to file an inventory. Green then moved the court for payment of her distributive share of Nance's estate, which included the proceeds from the sale of Nance's house. The circuit court denied the motion for payment and reiterated its denial of the motion for an inventory. The order denying Green's motions also stated:
 "Pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, the Court has determined there is no just reason for delay in the entry of final judgment and directs that judgment heretofore entered in favor of the Executor of the Estate of Martha Mae Nance, on the above motions, is hereby made final and the Court directs an entry of final judgment in favor of the Executor of the Estate of Martha Mae Nance."
Green now appeals the denial of both motions.
 Discussion
Green first argues that the circuit court erred when it failed to require the executor to file an inventory. Section 43-2-835, Ala. Code 1975, states:
 "(a) Within two months after appointment, a personal representative, who is not a special administrator or a successor to another representative who has previously discharged this duty, shall file an inventory of property owned by the decedent at the time of death, listing it with reasonable detail, and indicating as to each listed item, its fair market value as of the date of the decedent's death, and the type and amount of any encumbrance that may exist with reference to any item.
 "(b) The personal representative shall send a copy of the inventory to interested persons who request it. If the testator, by express provision in the will to that effect, exempts the personal representative from filing an inventory, the personal representative shall not be required to file the initial inventory, or any supplement thereto, with the court, unless in the opinion of the court, the estate is likely to be wasted, to the prejudice of any interested person."
The circuit court cited the third and the sixth paragraphs of the will in support of its conclusion that the will did not require the executor to file an inventory of the assets of the estate. Green argues that those paragraphs of the will do not excuse the executor from filing an inventory because, she says, they do not amount to an "express provision in the will" for purposes of the exemption set forth in § 43-2-835(b).
Although Green has presented this question to us in an appeal from a judgment certified as being final pursuant *Page 41 
to Rule 54(b), Ala. R. Civ. P., we conclude that, because the circuit court's order was actually an interlocutory order and because our determination of this question will likely affect the outcome of this case, the proper vehicle to review the circuit court's denial of Green's motion for an inventory is a petition for a writ of mandamus. See Ex parte C.L.J.,946 So.2d 880, 887 (Ala.Civ.App. 2006) ("A petition for a writ of mandamus is the appropriate method for reviewing an interlocutory order."). Therefore, we will review the question as though it had been properly presented to us in a petition for a writ of mandamus. See Vesta Fire Ins. Corp. v.Liberty Nat'l Life Ins. Co., 893 So.2d 395 (Ala.Civ.App. 2003).
 "`A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). . . .'
 "Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998). `Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion.' State v. Cannon, 369 So.2d 32, 33 (Ala. 1979)."
Ex parte Showers, 812 So.2d 277, 280 (Ala. 2001). "Because mandamus is an extraordinary remedy, this court's standard of review on a petition for a writ of mandamus is simply to determine whether the trial court has clearly abused its discretion." Ex parte Winn-Dixie Montgomery, Inc.,865 So.2d 432, 434 (Ala.Civ.App. 2003).
In the present case, the circuit court construed the language in the third and sixth paragraphs of the will to mean that the executor has "the right to do whatever he wants to do under the will" and that, therefore, no inventory is required. We disagree. The rules of statutory construction are well established in Alabama. In 2006, the Alabama Supreme Court stated:
 "`In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
 "`"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
 "`Blue Cross Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)); see also Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n, 589 So.2d 687, 689
(Ala. 1991); Coastal States Gas Transmission Co. v. Alabama Pub. Serv. Comm'n, 524 So.2d 357, 360
(Ala. 1988); Alabama Farm Bureau Mut. Cos. Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223
(Ala. 1984); Dumas Bros. Mfg. Co. v. Southern Guar. Ins. Co., 431 So.2d 534, 536 (Ala. 1983); Toum of Loxley v. Rosinton Water, Sewer, Fire Protection Auth, Inc., 376 So.2d 705, 708
(Ala. 1979). It is true that when looking at a statute we might sometimes think that the ramifications of the words are inefficient or unusual. However, it is our job to say what the *Page 42 
law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala. 1997).'
 "DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala. 1998)."'
Tolar Constr., LLC v. Kean Elec. Co., 944 So.2d 138,149-50 (Ala. 2006).
Section 43-2-835(b), Ala. Code 1975, requires the personal representative of an estate to file an inventory unless "the testator, by express provision in the will to that effect, exempts the personal representative" from doing so, with certain exceptions thereto. Black's Law Dictionary 620 (8th ed. 2004), defines "express" as "[c]learly and unmistakably communicated; directly stated." The plain meaning of the language used in § 43-2-835(b) leads us to conclude that any provision of a will purporting to exempt the personal representative from filing an inventory must specifically speak to that requirement. In other words, general language in a will that grants broad discretion to a personal representative in distributing property under that will will not satisfy the requirement in § 43-2-835(b) that there be an "express provision" exempting the personal representative from filing an inventory. Similarly, Ala. Code 1975, § 43-2-851(c), requires an "express provision in the will" to exempt the personal representative from posting bond.
In the present case, Nance included a provision in her will that spoke specifically to releasing the executor from "furnish[ing] any bond, surety or other security in any jurisdiction," in compliance with § 43-2-851(c). However, there was no provision in her will that referenced the duty of the executor to file an inventory. Because we find that there is no express provision exempting the executor from filing an inventory, we conclude that the circuit court exceeded its discretion in denying Green's motion requesting an inventory. Green has established a clear legal right to an inventory; therefore, we direct the Circuit court to enter an order requiring the filing of an inventory of the assets of the estate with the court.
Green next argues that the circuit court erred in denying her motion for payment of her distributive share of her mother's estate. Again, Green presents this question to us in an appeal from a judgment certified as being final pursuant to Rule 54(b). We conclude, however, that the order denying Green's motion for payment was not appropriate for certification under Rule 54(b). Rule 54(b) provides, in pertinent part:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
The Alabama Supreme Court has stated:
 "A Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court "`are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.'" Clarke-Mobile Counties Gas Dist v. Prior Energy *Page 43 Corp., 834 So.2d 88, 95 (Ala. 2002) (quoting Branch v, South Trust Bank of Dothan, N.A, 514 So.2d 1373, 1374 (Ala. 1987)."
Schlarb v. Lee, 955 So.2d 418, 419 (Ala. 2006). Nance's estate has not yet been settled. Payment of Green's share from the estate and the settlement of the estate are so closely intertwined that adjudicating the issues separately may cause inconsistent results. Therefore, we conclude that the denial of the motion for payment of Green's share of the estate cannot stand as a final judgment under Rule 54(b) because the estate has not yet been settled. Because the circuit court's denial of Green's motion for payment was improperly certified as a final judgment, this portion of her appeal is dismissed.
 Conclusion
We issue the writ of mandamus and direct the circuit court to vacate its order denying Green's motion for an inventory and to enter an order requiring the filing of an inventory. We dismiss Green's appeal from the circuit court's denial of her application for payment of her distributive share of her mother's estate.
PETITION GRANTED AND WRIT ISSUED; APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] Jack D. Nance, Jr., died on March 3, 2007. A suggestion of death was filed in this court on April 26, 2007.
[2] Green also sought to require the executor to post a bond to secure the performance of his duties under the will. The circuit court denied that request; however, Green has not raised this issue on appeal.