WOODALL, Justice.
 

 Thomas H. Bradley III, James H. McGowan, and Grady Hartzog (“the personal representatives”) were appointed as co-personal representatives of the estate of Robert G. Wehle, who died in 2002. In 2005, they petitioned the Bullock County Probate Court for final settlement of Wehle’s estate and submitted an accounting of their administration of the estate. Wehle’s daughters — Bonnie Wehle, Penny Martin, and Sharon Ann Wehle (“the daughters”) — objected to the accounting, arguing, among other things, that the personal representatives had paid themselves compensation without first obtaining the approval of the probate court and that the amount of that compensation was excessive.
 

 On the petition of Wehle’s surviving spouse, the administration of the estate was removed to the Bullock Circuit Court. The circuit court entered a partial summary judgment in favor of the personal representatives with regard to the compensation issues. The daughters appealed that judgment to this Court; their appeal was assigned case no. 1081433. More than two months after that appeal was filed, the circuit court entered an order purporting to certify the partial summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. The daughters again appealed; this second appeal was assigned case no. 1090083. The appeals have been consolidated for the purpose of writing one opinion.
 

 As to the first appeal, we hold that the circuit court erred in determining that the will expressly authorized the personal representatives to compensate themselves without prior court approval. Therefore, we reverse the partial summary judgment and remand the case for further proceedings. Because the first appeal properly invoked the jurisdiction of this Court, the circuit court was without jurisdiction to enter the Rule 54(b) order. Therefore, we vacate that order and dismiss the second appeal as being from a void judgment.
 

 Facts and Procedural History
 

 Robert G. Wehle died on July 12, 2002. His will was admitted to probate, and letters testamentary were issued to Bradley, McGowan, and Hartzog as co-personal representatives of Wehle’s estate. The will created a marital trust for Wehle’s wife, Gatra Wehle, and a family trust for the daughters and Wehle’s granddaughter, Debbie Kloppenberg. The personal representatives were named as cotrustees of both the marital trust and the family trust.
 

 In October 2005, the personal representatives petitioned the probate court for final settlement of the estate. They also filed an accounting of their administration of the estate. The accounting indicated that the personal representatives had paid themselves total compensation of $1,964,367.82, which, they allege, amounts to
 
 5%
 
 of the value of Wehle’s estate at the time the petition for final settlement was filed. The personal representatives argue that the amount of their fees is consistent with the statutory allowance for such fees. They also argue that Wehle told his attorney that he intended for the personal rep
 
 *1206
 
 resentatives’ fees to be approximately 5% of the value of his estate.
 

 The daughters filed an objection to the accounting, arguing, among other things, that, pursuant to § 43-2-844(7), Ala.Code 1975,
 
 [1]
 
 the personal representatives were required to obtain prior court approval before compensating themselves out of the assets of the estate. The daughters also argued that the amount of the compensation exceeded the “reasonable compensation” allowed by § 43-2-848(a), Ala.Code 1975.
 

 In March 2007, Gatra Wehle petitioned to have the administration of the estate removed to the circuit court. The petition was granted.
 
 [2]
 

 The personal representatives moved the circuit court for a partial summary judgment on the daughters’ objections, arguing (1) that the will authorized the payment of the compensation to the personal representatives without prior court approval, and (2) that the statute of limitations barred the daughters’ claim that the fees of the personal representatives were excessive. On July 17, 2009, the circuit court granted the personal representatives’ motion for a partial summary judgment, stating:
 

 “As to the claim that the Personal Representatives paid fees to themselves without obtaining Court approval, the Court finds that the terms of the Will expressly exempt the Personal Representatives from obtaining Court approval before payment of their fees. As to the claim that the fees paid were excessive, it is without factual dispute that [the daughters] had knowledge of the amount of these fees more than two years before they filed their contest of the fees and thus this claim is time barred.”
 

 On July 24, 2009, the daughters appealed to this Court from the circuit court’s judgment pursuant to § 12-22-4, Ala.Code 1975.
 
 [3]
 
 Hartzog later moved the circuit court to make its partial summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P. The circuit court granted that mo
 
 *1207
 
 tion and entered an order on October 1, 2009, purporting to certify the partial summary judgment as a final judgment pursuant to Rule 54(b). The daughters- again appealed, and we consolidated the two appeals.
 

 Issues
 

 The daughters present three issues in these appeals: (1) whether the will expressly authorized the payment of the personal representatives’ fees without prior court approval; (2) whether the daughters’ objections regarding the alleged excessiveness of the fees are barred by the statute of limitations; and (3) whether the circuit court exceeded its discretion in entering the Rule 54(b) order.
 

 Standard of Review
 

 “This Court’s review of a summary judgment is de novo. We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. In making such a determination, we must review the evidence in the light most favorable to the non-movant .... ”
 

 Dow v. Alabama Democratic Party,
 
 897 So.2d 1035, 1038 (Ala.2004) (citations omitted).
 

 Analysis
 

 I.
 

 We first address the third issue raised by the daughters: whether the circuit court exceeded its discretion in entering the Rule 54(b) order in response to Hart-zog’s motion after the daughters had filed their first appeal in case no. 1081433. This Court has stated:
 

 “Jurisdiction of a case can be in only one court at a time. Therefore, while an appeal is pending, the trial court ‘can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.’ ”
 

 Reynolds v. Colonial Bank,
 
 874 So.2d 497, 503 (Ala.2003) (quoting
 
 Foster v. Greer & Sons, Inc.,
 
 446 So.2d 605, 608 (Ala.1984), overruled by
 
 Ex parte Andrews,
 
 520 So.2d 507 (Ala.1987), to the extent
 
 Foster
 
 held that filing a notice of appeal ousts the trial court of jurisdiction to consider a timely filed postjudgment motion to alter, amend, or vacate (citations omitted)).
 

 The daughters’ first appeal, taken pursuant to § 12-22-4, properly invoked this Court’s appellate jurisdiction with regard to the partial summary judgment. Therefore, the circuit court was without jurisdiction to later enter the Rule 54(b) order; thus, that order is void.
 
 See Miller v. Riley,
 
 37 So.3d 768, 772 (Ala.2009). Because “a void order or judgment will not support an appeal,”
 
 Gallagher Bassett Servs., Inc. v. Phillips,
 
 991 So.2d 697, 701 (Ala.2008), we vacate the circuit court’s Rule 54(b) order and dismiss the daughters’ second appeal (case no. 1090083).
 

 II.
 

 We turn now to the daughters’ argument that the circuit court erred in determining that “the terms of the Will expressly exempt the Personal Representatives from obtaining Court approval before payment of their fees.” Section 43-2-844, Ala.Code 1975, provides, in pertinent part: “Unless expressly authorized by the will, a personal representative, only after prior approval of court, may .... [p]ay compensation of the personal representative.” The daughters argue that none of the provisions of Wehle’s will expressly authorizes the payment of
 
 *1208
 
 compensation to the personal representatives without prior court approval.
 

 The personal representatives respond by citing subsections (B) and (E) of Article V and subsection (C) of Article VII of the will, which, they argue, provide “express authorization” for the payment of the fees of the personal representatives without prior court approval. Article V(B) provides:
 

 “My Personal Representative shall not be required to furnish bond or to file an inventory or appraisal of my estate in any court. It is my intention that upon the probate of this Will all control over this Will by any court shall cease and terminate, and my Personal Representative shall not be required to make any report of final settlement to any court of his proceedings hereunder.”
 

 Article V(E) provides:
 

 “My Personal Representative shall have all the powers and discretion with respect to my estate during administration that are set forth or referred to with respect to the Trustee hereunder (including the power to sell real or personal property at public or private sales for any purpose and to hold title to property in the name of a nominee), to be exercised without court order.”
 

 Article VTI(C) provides:
 

 “To the extent that such requirements can legally be waived, no trustee hereunder shall ever be required to give bond or security as trastee, or to qualify before, be appointed by, or account to any court, or to obtain the order or approval of any court with respect to the exercise of any power or discretion granted in this instrument.”
 

 The personal representatives argue that “[a] fair reading of these, and other Will provisions, is that the Will exempted the Personal Representatives from obtaining court approval in performing their services in the administration of the Estate. This exemption from court approval obviated any need to obtain prior judicial sanction of payment of their fees.” We disagree.
 

 Section 43-2-844(7), Ala.Code 1975, requires that payment of compensation to a personal representative without prior court approval be
 
 “expressly
 
 authorized by the will.” (Emphasis added.) “Express” means “[cjlearly and unmistakably communicated; directly stated.”
 
 Black’s Law Dictionary
 
 620 (8th ed.2004). Clearly, authorization that is only allegedly inferred from a “fair reading” of a will is not “expressly” stated in that will.
 

 In
 
 Green v. Estate of Nance,
 
 971 So.2d 38 (Ala.Civ.App.2007), the Court of Civil Appeals addressed a similar question with regard to § 43-2-835, Ala.Code 1975. Section 43-2-835 provides that “a personal representative ... shall file an inventory of property owned by the decedent at the time of death,” § 43-2-835(a), unless “the testator,
 
 by express provision in the will
 
 to that effect, exempts the personal representative from filing an inventory.” § 43-2-835(b) (emphasis added).
 

 Green, the decedent’s daughter, filed a motion for an inventory of the property of Nance’s estate. “The circuit court denied the motion on the ground that the express terms of the will relieved the executor of the duty to file an inventory.”
 
 Green,
 
 971 So.2d at 40. Green appealed the denial of that motion.
 

 The Court of Civil Appeals stated:
 

 “In the present case, the circuit court construed the language in the third and sixth paragraphs of the will to mean that the executor has ‘the right to do whatever he wants to do under the will’ and that, therefore, no inventory is required. We disagree. The rules of statutory construction are well'established in Ala
 
 *1209
 
 bama. In 2006, the Alabama Supreme Court stated:
 

 “1 “In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
 

 “ ‘ “ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’
 

 [[Image here]]
 

 “Section 43-2-835(b), Ala. Code 1975, requires the personal representative of an estate to file an inventory unless ‘the testator, by express provision in the will to that effect, excepts the personal representative’ from doing so, with certain exceptions thereto.
 
 Black’s Law Dictionary
 
 620 (8th ed.2004), defines ‘express’ as ‘[cjlearly and unmistakably communicated; directly stated.’ The plain meaning of the language used in § 43-2-835(b) leads us to conclude that any provision of a will purporting to exempt the personal representative from filing an inventory must specifically speak to that requirement. In other words, general language in a will that grants broad discretion to a personal representative in distributing property under that will will not satisfy the requirement in § 43-2-835(b) that there be an ‘express provision’ exempting the personal representative from filing an inventory....”
 

 Green,
 
 971 So.2d at 41-42 (quoting
 
 Tolar Constr., LLC v. Kean Elec. Co.,
 
 944 So.2d 138, 149 (Ala.2006), quoting in turn
 
 DeKalb County LP Gas Co. v. Suburban Gas, Inc.,
 
 729 So.2d 270, 275-76 (Ala.1998), quoting in turn
 
 Blue Cross & Blue Shield v. Nielsen,
 
 714 So.2d 293, 296 (Ala.1998)). The Court of Civil Appeals concluded that “[bjecause ... there [was] no express provision exempting the executor from filing an inventory, ... the circuit court exceeded its discretion in denying Green’s motion requesting an inventory.”
 
 Green,
 
 971 So.2d at 42.
 

 Here, the relevant statute requires that payment of the compensation of the personal representatives without prior court approval be “expressly authorized” by the will. The provisions of Wehle’s will cited by the personal representatives may “grant [] broad discretion to a personal representative in distributing property under that will,” but they do not “specifically speak” to the requirement that the personal representatives obtain the approval of the probate or circuit court before paying compensation to themselves.
 
 Green,
 
 971 So.2d at 42. Therefore, those provisions “will not satisfy the requirement in [§ 43-2-844] that there be an ‘express provision’ ” authorizing the payment of such fees without court approval.
 
 Green,
 
 971 So.2d at 42.
 

 Because the payment of compensation to the personal representatives without prior court approval was not expressly authorized by Wehle’s will, the circuit court erred in entering its partial summary judgment in favor of the personal representatives. Therefore, its judgment is reversed and the case remanded. Our decision to reverse the circuit court’s judgment on this ground pretermits consideration of the daughters’ argument that the circuit court erred in determining that their claim as to the excessiveness of the compensation is barred by the statute of limitations.
 

 1081433 — REVERSED AND REMANDED.
 

 
 *1210
 
 1090083 — ORDER VACATED; APPEAL DISMISSED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Section 43-2-844(7) provides, in pertinent part, that "[u]nless expressly authorized by the will, a personal representative, only after prior approval of court, may ... [pjay compensation of the personal representative.”
 

 [2]
 

 . Section 12-11-41, Ala.Code 1975, provides: "The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, ... without assigning special equity. ...” This Court has interpreted "any time before a final settlement" to mean "before proceedings for settlement begin,”
 
 Ex parte McLendon,
 
 212 Ala. 403, 405, 102 So. 696, 698 (1924), or before " ‘the probate court has taken steps toward a final settlement, or has, in fact, made a final settlement.’ "
 
 Ex parte Terry,
 
 985 So.2d 400, 403 (Ala.2007) (quoting
 
 Ex parte Clayton,
 
 514 So.2d 1013, 1016 (Ala.1987)). "Where ... the probate court has taken jurisdiction for a final settlement of the will it is necessary that the bill set up some special equity which the probate court cannot protect before there can be a removal under this section.”
 
 Brittain v. Ingram,
 
 282 Ala. 158, 163, 209 So.2d 653, 658 (1968).
 

 Here, Gatra Wehle petitioned for removal after the probate court had taken steps toward a final settlement, including scheduling a hearing on the petition for final settlement and sending notices of the hearing to the interested parties. Although the probate court appears to have assumed jurisdiction over the final settlement, the personal representatives consented to the removal, conceding that the "circumstances [in this case] present special equity warranting removal of the administration of the Estate from Probate Court.” Therefore, this Court need not address further the timeliness of the removal.
 

 [3]
 

 .Section 12-22-4 provides, in pertinent part: "From a judgment of the circuit court or probate court on a
 
 partial
 
 or annual
 
 settlement
 
 of an estate of a deceased person, an appeal lies to the Supreme Court.” (Emphasis added.)