SHAW, Justice.
*180 Bonnie Wehle, Penny Martin, and Sharon Ann Wehle (hereinafter referred to collectively as "the daughters") appeal from the Bullock Circuit Court's order, on remand, awarding damages against Thomas H. Bradley III; James H. McGowan; and Grady Hartzog, as the personal representatives of the estate of the daughters' father (hereinafter referred to collectively as "the personal representatives"). The personal representatives purport to cross-appeal as to the portion of the circuit court's judgment awarding them attorneys' fees and expenses in connection with prior litigation between the parties.[1] We affirm in part, reverse in part, and remand.
Facts and Procedural History
This is the third time this matter has been before this Court. See Wehle v. Bradley, 49 So.3d 1203 (Ala. 2010) (" Wehle I"), and Wehle v. Bradley, 195 So.3d 928 (Ala. 2015) (" Wehle II"). As established in Wehle I and Wehle II, the pertinent factual and procedural history is as follows:
" 'Robert G. Wehle died on July 12, 2002. His will was admitted to probate, and [in August 2002] letters testamentary were issued to [the personal representatives]. The will created a marital trust for Wehle's wife, Gatra Wehle, and a family trust for the daughters and Wehle's granddaughter, Debbie Kloppenberg. The personal representatives were named as cotrustees of both the marital trust and the family trust.
" 'In October 2005, the personal representatives petitioned the probate court for final settlement of the estate. They also filed an accounting of their administration of the estate. The accounting indicated that the personal representatives had paid themselves total compensation of $1,964,367.82, which, they allege, amounts to 5% of the value of Wehle's estate at the time the petition for final settlement was filed. The personal representatives argue that the amount of their fees is consistent with the statutory allowance for such fees. They also argue that Wehle told his attorney that he intended for the personal representatives' fees to be approximately 5% of the value of his estate.
" 'The daughters filed an objection to the accounting, arguing, among other things, that, pursuant to § 43-2-844(7), Ala. Code 1975, the personal representatives were required to obtain prior court approval before compensating themselves out of the assets of the estate. The daughters also argued that the amount of the compensation exceeded the "reasonable compensation" allowed by § 43-2-848(a), Ala. Code 1975.
" 'In March 2007, Gatra Wehle petitioned to have the administration of the estate removed to the circuit court. The petition was granted.
" 'The personal representatives moved the circuit court for a partial summary judgment on the daughters' objections, *181 arguing (1) that the will authorized the payment of the compensation to the personal representatives without prior court approval, and (2) that the statute of limitations barred the daughters' claim that the fees of the personal representatives were excessive. On July 17, 2009, the circuit court granted the personal representatives' motion for a partial summary judgment, stating:
" ' "As to the claim that the Personal Representatives paid fees to themselves without obtaining Court approval, the Court finds that the terms of the Will expressly exempt the Personal Representatives from obtaining Court approval before payment of their fees. As to the claim that the fees paid were excessive, it is without factual dispute that [the daughters] had knowledge of the amount of these fees more than two years before they filed their contest of the fees and thus this claim is time barred." '
" 'On July 24, 2009, the daughters appealed to this Court from the circuit court's judgment pursuant to § 12-22-4, Ala. Code 1975.'
" [Wehle I,] 49 So.3d at 1205-07.
"In Wehle I, this Court concluded that '[b]ecause the payment of compensation to the personal representatives without prior court approval was not expressly authorized by Robert G. Wehle's will, the circuit court erred in entering its partial summary judgment in favor of the personal representatives.' 49 So.3d at 1209 ; see also Ala. Code 1975, § 43-2-844(7). This Court reversed the circuit court's judgment and remanded the case on that basis; it did not decide the issue whether the daughters' 'claim as to the excessiveness of the compensation is barred by the statute of limitations.' Id.
"On remand, the circuit court held a hearing at which evidence was presented ore tenus as to the petition for final settlement of the estate. Thereafter, the circuit court entered its final order approving the compensation the personal representatives had paid themselves, i.e., $1,964,367.82, as 'reasonable compensation' under § 43-2-848(a), Ala. Code 1975. The order denied the daughters' claim seeking to have the personal representatives pay interest on the compensation because they had paid it without prior court approval. Also, in regard to other issues raised by the daughters, the order denied the daughters' petition to remove McGowan as a cotrustee of the family trust, denied the daughters' request to tax costs relating to Wehle I against the personal representatives, and awarded attorney fees and costs to the personal representatives in the amount of $383,437.31 as to their defense against the daughters' claims on final settlement."
Wehle II, 195 So.3d at 932-34 (footnote omitted).
Wehle II addresses the daughters' appeal from the above-described order. In that decision, we rejected the daughters' challenges to the reasonableness of the fees awarded to the personal representatives and the circuit court's refusal to remove McGowan as trustee. 195 So.3d at 937, 943. However, we agreed with the daughters that the circuit court had erred in denying their claim seeking to recover interest from the date of the premature compensation payments through the date those payments were finally approved by the circuit court. 195 So.3d at 941-42. We similarly agreed that the circuit court erred "insofar as it determined the amount of the attorney fees" due the personal representatives in connection with their defense of the daughters' claims. 195 So.3d at 946. Finally, we held that the circuit court had, as the daughters alleged, violated *182 our mandate in Wehle I to tax the costs of the appeal in that case against the personal representatives. 195 So.3d at 947. Thus, based upon those determinations in Wehle II,
"[w]e once again remand[ed] this case to the circuit court for the purposes of conducting an evidentiary hearing as to the personal representatives' claim for attorney fees and costs, of taxing the costs of the appeal in Wehle I against the personal representatives, and of awarding interest against the personal representatives and for the entry of a judgment consistent with this opinion."
195 So.3d at 947 (emphasis added).
Following our decision and remand in Wehle II, the personal representatives filed in the circuit court, pursuant to § 43-2-849, Ala. Code 1975, a request seeking an award of litigation fees and expenses. At or around that same time, the daughters filed in the circuit court a "Calculation of Interest Due" in which, citing this Court's opinion in Wehle II, they concluded, based on applicable authority identified by this Court[2] and as a result of the personal representatives' decision to compensate themselves prematurely, that they were entitled to pre-settlement interest of 6% per annum, compounded annually, or a total of $1,117,583.17. In addition, the daughters maintained that they were entitled to post-settlement interest calculated at a rate of 12% from July 19, 2011-the date the circuit court approved the personal representatives' request for compensation-until the hearing on July 26, 2016, a total of $673,114.85 or, if alternately calculated at a rate of 6%, interest in the amount of $317,869.97.
In their response to the daughters' request for interest, the personal representatives conceded the circuit court's ability to make such an award; however, they maintained that because the amount claimed by the daughters would essentially recapture the fee awarded them, the requested amount was punitive and not compensatory: It punished the personal representatives for delay in the proceedings that was not attributable to their conduct and that instead had resulted from the daughters' delay in prosecution. Thus, rather than the interest award the daughters' claimed, the personal representatives argued that the circuit court, in its discretion, could order, in the alternative, an award of any "profits" earned by the personal representatives on the fees paid before the circuit court's approval. They further contended that, in this case, the profits were $0 and that they had, in fact, lost money "due to the timing of the payments and the [effect of the] economic downturn." Acknowledging, however, our decisions in Wehle I and Wehle II, the personal representatives nonetheless conceded that "some award of interest is arguably required" and suggested that the fairest means of determining an appropriate award was "to determine the amount of interest that would have been earned by the Estate had the funds remained in the Estate until such time that [the circuit court] expressly approved the ... fees." According to the personal representatives, this approach would return the estate and its beneficiaries to the condition they would have occupied in the absence of a breach. Using the interest rates applicable to the money-market account in which the estate's cash holdings had been deposited, the personal representatives proposed a pre-settlement interest award in the amount of $76,751.33 and, assuming the circuit court concluded such an award was due, a post-settlement interest award at a rate of 6% from the date of the circuit court's judgment or a total of $23,025.40.
*183 After additional submissions by the parties and a hearing, the circuit court entered, on November 2, 2016, a "Memorandum Opinion and Order" that specifically concluded that to award the amount the daughters sought "would be punitive in nature and would further create an unintended windfall for the Estate" and instead awarded the estate $156,000, which amount represented the "profit" earned by one of the personal representatives on his investment of the untimely received compensation.[3] Upon the addition of "pre-judgment interest"[4] at a rate of 6% from the circuit Court's July 2011 judgment approving the compensation, or $56,160, the circuit court awarded the daughters $212,160. This award was used to offset the $449,880.63 attorney-fee/litigation-costs award to the personal representatives, which was also included in the circuit court's order.
On December 9, 2016, the daughters filed a notice of appeal challenging the November 2016 order. See § 12-22-4, Ala. Code 1975 (authorizing an appeal of a partial settlement of an estate). On December 23, 2016, the personal representatives filed their own notice of cross-appeal from the November 2016 order on grounds that it failed to include an award of interest on their judgment for attorney fees and litigation costs. See note 1, infra.
Standard of Review
"To the extent the circuit court made factual findings based on oral testimony, those factual findings are entitled to deference by this Court under the ore tenus standard of review. Under that standard, ' "we must accept as true the facts found by the trial court if there is substantial evidence to support the trial court's findings." ' Allsopp v. Bolding, 86 So.3d 952, 959 (Ala. 2011) (quoting Beasley v. Mellon Fin. Servs. Corp., 569 So.2d 389, 393 (Ala. 1990) ). This standard is based on a recognition of the trial court's unique position of being able to evaluate the credibility of witnesses and to assign weight to their testimony. See, e.g., Justice v. Arab Lumber & Supply, Inc., 533 So.2d 538, 543 (Ala. 1988). The deference owed a trial court under the ore tenus standard of review, however, does not extend to the trial court's decisions on questions of law. Appellate review of questions of law, as well as whether the trial court has properly applied that law to a given set of facts, is de novo. See, e.g., Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)."
Wehle II, 195 So.3d at 934.
Discussion
I. The Daughters' Appeal
The daughters contend that the circuit court erred in allowing the personal representatives to reimburse the estate based on the profit, if any, made on the premature compensation rather than awarding interest as this Court ordered in Wehle II. As the daughters note, in Wehle II, this Court concluded:
" Section 43-2-509[, Ala. Code 1975,] provides that a personal representative who 'uses any of the funds of the estate for his own benefit ... is accountable for any profit made thereon or legal interest.' Our courts have long held that, pursuant to § 43-2-509 or its precursor, a personal representative must pay interest *184 from the date he or she pays himself or herself compensation without court approval to the date he or she obtains court approval for the compensation amount at issue. See, e.g., McCraw v. Cooper, 218 Ala. 186, 190, 118 So. 333, 337 (1928) (affirming an award of interest against a personal representative who had paid himself compensation without prior approval by the trial court, where the trial court eventually allowed the compensation, 'as to the reasonableness of which in amount there [was no dispute]'); see also, e.g., Walsh v. Walsh, 231 Ala. 305, 307-08, 164 So. 822, 824-25 (1935) ('[I]n the case of Kenan v. Graham, 135 Ala. 585, 33 So. 699 [ (1903) ], the court held that an executor is not entitled to anticipate his fees and use the money. If he does so, he is chargeable with interest for the time the money was thus appropriated to the date of settlement.'). The same legal principle has been applied to other fiduciaries who were required to obtain court approval before paying themselves compensation. See Gordon v. Brunson, 287 Ala. 535, 542-43, 253 So.2d 183, 189 (1971) ('[T]rial court erred in charging only 4% simple interest on the wards' money wrongfully advanced by the guardian to himself [for his compensation], and should have calculated such interest at the rate of 6% per annum, compounded annually from date of the advance to the date of the decree....')."
195 So.3d at 940-41. Elsewhere, we noted that the daughters' claim is based on § 43-2-509, Ala. Code 1975, which specifically provides that, " '[i]f any executor or administrator uses any of the funds of the estate for his own benefit, he is accountable for any profit made thereon or legal interest.' " Id. at 938.
Thus, as the parties have acknowledged and as discussed in this Court's opinion in Wehle II, the Code section under which the daughters were proceeding permits an interest-based award but also "provides an alternate method of calculation," namely the award of any profit accruing from the misappropriated funds. Authority cited by the daughters suggests that the election between an award of interest as opposed to the disgorgement of earned profit provided in § 43-2-509 is not within the discretion of the trial court but at the option of the aggrieved party. See Clark v. Knox, 70 Ala. 607, 618-19 (1881) ("For interest received, or profit derived, [the executor or administrator] is liable by the terms of the statute; and if he uses the funds, he is, in any event, liable for legal interest, because the use is, of itself, a conversion-a breach of duty. When employed, the profits derived he is required to disclose, and the parties interested may elect to take either the profits or interest at the legal rate." (emphasis added)), and First Nat'l Bank v. Weaver, 225 Ala. 160, 162, 142 So. 420, 421 (1932) (same). See also Wehle II, 195 So.3d at 947.
The daughters have, at all pertinent times, demanded an award of interest as recompense. In keeping with that demand, our mandate to the circuit court on remand in Wehle II was for that court to "award[ ] interest against the personal representatives." 195 So.3d at 947 (emphasis added). See Wehle II, 195 So.3d at 937 (" ' "Under the doctrine of the 'law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." ' " (quoting other cases)).[5] Our instruction *185 left the circuit court no discretion, at this stage, "to choose ... between the two options provided by statute" nor did it permit the court to consider new evidence aimed at demonstrating the propriety of an alternate option. See 195 So.3d at 938 (" ' "Under the law of the case doctrine, '[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal.' " ' " (quoting other cases)). See also Ex parte Edwards, 727 So.2d 792, 794 (Ala. 1998) (holding that, when an appellate court remands a case, the trial court's authority is limited to compliance with the directions provided by the appellate court).
As set out above, the circuit court has not ruled on the amount of interest owed to the daughters. See Kyser v. Harrison, 908 So.2d 914, 918 (Ala. 2005) (" 'We cannot put a trial court in error for failure to rule on a matter which, according to the record, was not presented to, nor decided by him....' " (quoting Defore v. Bourjois, Inc., 268 Ala. 228, 230, 105 So.2d 846, 848 (1958) )). Therefore, despite our awareness of the long and tortured history of the present litigation, we nonetheless decline the daughters' request to simply render a judgment awarding interest in this matter.
The circuit court's judgment on remand awarding profit instead of interest was inconsistent with this Court's mandate in Wehle II.[6] We have no alternative but to again remand this case for the circuit court to comply with this Court's remaining mandate in Wehle II, namely the entry of a judgment "awarding interest against the personal representatives." 195 So.3d at 947. On remand, the trial court shall award interest on the compensation.
II. The Personal Representatives' Cross-Appeal
As mentioned above, the personal representatives filed a notice of cross-appeal in the circuit court. No filing fee was paid, and the notice was not transmitted to this Court. Instead, the existence of a notice of appeal was not recognized until the record on appeal was completed and sent to this Court. The clerk of this Court, noting that this Court had never received notice of the cross-appeal, that the personal representatives had designated their brief to this Court solely as the "Brief of the Appellees," and that they had failed to identify themselves as "cross-appellants,"[7] issued a show-cause order directing the parties to brief the issue whether we should disregard the purported cross-appeal based on the personal representatives' failure to prosecute.
In their response, the personal representatives acknowledge that their notice of appeal was due on December 23, 2016. See Rule 4(a)(2), Ala. R. App. P. ("If a timely notice of appeal is filed by a party, any *186 other party may file a notice of appeal within 14 days (two weeks) of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule ...."). According to the personal representatives, on December 22, 2016, they mailed their notice of appeal to the circuit clerk. However, "out of an abundance of caution," on December 23, 2016, they also hand-delivered a copy to the circuit clerk for filing. Neither submission, however, included a filing fee.
Exhibits attached to the personal representatives' response reflect that the circuit clerk signed-but did not stamp-the notice as "filed" on December 23, 2016. The stamped date on the corresponding "Docketing Statement" is illegible. The case-action summary maintained by the circuit clerk reflects that the notice of appeal was "scann[ed]" on December 28, 2016, but "filed 12/23/2016." It is undisputed that the personal representatives never paid the corresponding filing fee until May 1, 2017-after the issue was raised by this Court's clerk.
The personal representatives nonetheless maintain that the daughters are not prejudiced by allowing the cross-appeal to proceed because, they say, the daughters both had notice of, and responded to, the sole issue raised by the cross-appeal that was included in their brief in the daughters' appeal. They further argue, citing Schmieding Produce Co. v. Cagle, 529 So.2d 243 (Ala. 1988), that their initial failure to pay the filing fee amounts to a nonjurisdictional defect that may be corrected and does not prevent appellate review. Under the present circumstances, we agree.
As the parties note, in identical circumstances in Cagle, we observed:
"As was noted previously, Cagle claims to have raised this issue by way of a cross-appeal. An examination of the record, however, reveals that, although notice of this appeal was filed by Cagle in the trial court, this notice of appeal was not transmitted to this Court as prescribed in Rule 12, Ala. R. App. P., nor was the docket fee paid for the appeal. Therefore, although the appeal was taken at the time the notice of appeal was filed in the trial court (invoking this Court's jurisdiction pursuant to Rules 3(a)(1) and 4(a)(1), Ala. R. App. P.; see Finch v. Finch, 468 So.2d 151 (Ala. 1985) ), the appeal was never actually docketed in this Court. Accordingly, this cross-appeal is subject to dismissal under Rule 2(a)(2)(D), Ala. R. App. P., because the failure to pay the docket fee and to otherwise assure the docketing of the appeal constitutes a failure 'to comply substantially with these rules.' Id.
"We choose, however, to overlook this non-jurisdictional defect and to treat the cross-appeal as though it were properly before us, even though it clearly is not. See Rule 2(b), Ala. R. App. P. Our decision to do so is based on the facts that the argument advanced on the cross-appeal is meritless and that no legitimate purpose could be served by further delaying our decision. Delay would be unavoidable, because dismissal pursuant to Rule 2(a)(2)(D) for failure to comply with the rules is not absolute, as is a dismissal for lack of jurisdiction. Instead, the Court must generally allow the defaulting party an opportunity to correct the defect. We cannot, however, justify in this case the waste of time and energy that would be necessitated by a strict application of this rule, when it is clear that the cross-appeal would have no merit were it properly before us. Accordingly, we will ignore the docketing requirements in this case and will consider the issue raised in the cross-appeal-whether the trial court properly *187 directed a verdict foreclosing Cagle's claims of fraud and misrepresentation."
529 So.2d at 249 (footnote omitted; emphasis added). Here, as in Cagle, the claim raised in the cross-appeal is meritless; in order to conserve judicial resources and bring this matter closer to a final resolution, we will, as in Cagle, treat the personal representatives' cross-appeal as though it were properly before us.
The crux of the personal representatives' claim in their cross-appeal is that the circuit court's nearly $450,000 award of fees and costs allegedly failed to account for factors that, the personal representatives maintain, justified an "enhanced fee" in the amount of $641,083.50. (Personal representatives' brief, at p. 34.) Specifically, they contend that the circuit court's award compensated them solely for "actual billed and paid fees and costs incurred by [them]" but failed to consider the fact that the amounts expended had been paid over a 10-year span and other allegedly applicable factors identified by this Court in Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740 (Ala. 1988), and Peebles v. Miley, 439 So.2d 137 (Ala. 1983), which, the personal representatives argue, support their enhanced-fee request.
As we observed in Wehle II, § 43-2-849, Ala. Code 1975, provides that the personal representatives are entitled " 'to receive from the estate necessary expenses and disbursements, including, but not limited to, reasonable attorneys' fees incurred.' " 195 So.3d at 943-44 (emphasis added). As set out in the circuit court's November 2, 2016, order, the daughters conceded that the personal representatives were due to be reimbursed in the amount of the fees they actually incurred, and the circuit court, as directed in Wehle II, evaluated and ultimately approved the reasonableness of the claimed fee by "tak[ing] into account all of the factors outlined by [this Court] in ... [ Peebles ] ... and Van Schaack."
The personal representatives argue that the circuit court nonetheless erred in failing to "enhance" the award of fees and costs by adding interest because the amounts for which they were being reimbursed were expended over time. Notably, however, the personal representatives do not point to a factor from either Peebles or Van Schaack mandating the increased fee amount they sought below.[8] More importantly, they do not provide caselaw supporting their contention that interest may be added to an award of fees and costs pursuant to § 43-2-849. Instead, they cite Nelson v. AmSouth Bank, N.A., 622 So.2d 894 (Ala. 1993), in which the trial court erred in failing to award interest in connection with its entry of a summary judgment for the plaintiff on her claims seeking to recover half of the proceeds of a bank account in which she owned a joint interest, as well as interest, costs, and attorney fees, as prayed for in the complaint. 622 So.2d at 896. That case appears distinguishable in that it did not involve an award pursuant to § 43-2-849. In addition, the personal representatives' reliance on § 8-8-10, Ala. Code 1975, is similarly misplaced because that Code section, by its explicit terms, applies to "[j]udgments for the payment of money, other than costs, if based upon a contract action." (Emphasis added.) Section § 8-8-1, Ala. Code 1975, is likewise inapposite because it establishes "the maximum rate of interest upon the loan or forbearance of money, goods, or things in action except by written contract." In any event, the personal representatives' argument suggesting that they *188 are entitled to the interest claimed is not persuasive.
We remanded in Wehle II to permit the circuit court to conduct a hearing and to receive evidence substantiating the $383,437.31 in fees and costs the personal representatives claimed. 195 So.3d at 946. Because the personal representatives have failed to demonstrate that the circuit court erred in awarding only the fees the personal representatives demonstrated that they actually incurred, we hereby affirm that portion of the circuit court's judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Stuart, C.J., and Bolin, Parker, Murdock, Main, Wise, Bryan, and Sellers, JJ., concur.

As will be discussed infra, the notice of appeal for the cross-appeal was filed in the circuit court, but no filing fee was paid, and the notice was never transmitted to this Court.

See Gordon v. Brunson, 287 Ala. 535, 542-43, 253 So.2d 183, 189 (1971).

Affidavit testimony from the remaining two personal representatives demonstrated that their investment of the untimely compensation actually lost money; thus, they had no "profit."

Although described in the judgment as "pre-judgment interest," it appears that the award was actually post-settlement interest.

We are unpersuaded by the personal representatives' argument that our directive in Wehle II for an evidentiary hearing on remand renders the law-of-the-case doctrine inapplicable. See, generally, Bagley ex rel. Bagley v. Creekside Motors, Inc., 913 So.2d 441 (Ala. 2005). In Wehle II, we rejected the circuit court's determination, as a matter of law, that the daughters were not entitled to the claimed interest award and remanded the matter merely for the daughters to establish the amount of the award to which our decision in Wehle II determined they were legally entitled. 195 So.3d at 947.

Because we are reversing in its entirety the portion of the circuit court's judgment awarding reimbursement in the form of profit made, we likewise reverse the accompanying award of "pre-judgment interest in the amount of six percent" on that judgment. See note 4, supra.

The personal representatives' brief on appeal does, however, include argument on the issue raised by the purported cross-appeal, i.e., a challenge to the portion of the circuit court's award of litigation costs and fees.

We note that neither of the fee awards at issue in either Peebles or Van Schaack appear to have included a calculation for interest. 439 So.2d at 143-44, 530 So. 2d at 750.